# UNITED STATES DISTRICT COURT
## THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION

**Case No. 2:18-md-2846**

**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

This document relates to:
*Baker, et al. v. Johnson & Johnson, et al.*
Case No. 2:22-cv-2868

## <u>OPINION AND ORDER</u>

On September 9, 2022, Defendant Johnson & Johnson filed a motion to dismiss, or in the alternative, a motion for a more definite statement.  (ECF No. 18.)  Plaintiffs did not file a response.  However, Johnson & Johnson filed a similar motion (ECF No. 6) before this case was transferred to this Court (*see* ECF No. 11), to which Plaintiffs did file a response (ECF No. 8).[1]  Johnson & Johnson seeks to dismiss all claims against it pursuant to Rules 12(b)(2), 12(b)(6), and 12(e) of the Federal Rules of Civil Procedure.  (ECF No. 18.)  Alternatively, Johnson & Johnson "requests that Plaintiffs be required to give a more definite statement of their claims so that it can formulate a reasonable response to the Amended Petition." (*Id.*)  Johnson & Johnson raises the following arguments: (1) the Amended Petition fails to allege sufficient facts to plausibly establish a claim to relief against Johnson & Johnson; (2) Plaintiffs Baker, Little, Salazar, Elkins, and Ruedaz do not claim that any product manufactured by Johnson & Johnson caused their injuries; and (3) Plaintiff Elkins fails to allege sufficient facts to establish personal jurisdiction over Johnson & Johnson.  (ECF No. 19 at PageID #43–44.)

---

[1] The initial motion was filed on behalf of both Johnson & Johnson and Ethicon, Inc.  However, Plaintiff Slupe's claim against Ethicon, Inc. was transferred to the United States District Court for the Northern District of Georgia as part of MDL No. 2782.  (ECF No. 10.)

The Court notes that in the Amended Petition, Plaintiffs Baker, Little, Salazar, Elkins, and Ruedaz claim to have been injured by "a hernia mesh, which was manufactured by Defendants," but do not identify a specific product, nor a specific Defendant as the manufacturer.  (ECF No. 14 at PageID #13–15, 19–21, 23–25, 27–31.)  Plaintiffs' response to Johnson & Johnson's initial motion to dismiss indicates that Plaintiffs Baker, Little, Salazar, Elkins, and Ruedaz "will hopefully be able to identify the manufacturer of each of their products" after a review of medical records.  (ECF No. 8 at PageID #84.)  Plaintiffs Kious and Stanley allege injuries from a hernia mesh product manufactured by Defendants C.R. Bard, Inc., and Davol, Inc.  (ECF No. 14 at PageID #17–19, 25–27.)  According to Johnson & Johnson, the failure to identify one of its products (or in the case of five of the Plaintiffs, any product at all) is fatal to Plaintiffs' claims and therefore dismissal is required.  Alternatively, Johnson & Johnson asks that Plaintiffs be required to identify the product that allegedly caused their injuries.  (ECF No. 19 at PageID #52.)  Without this identification, Johnson & Johnson "cannot even determine what products are at issue in this action . . . [Johnson & Johnson] will be unable to determine whether they are the proper parties to this action, because they are unable to determine if they designed, manufactured, or distributed any of the products at issue." *Baldwin v. Zimmer, Inc.*, No. 2:10-CV-01144, 2011 WL 3652411, at *2 (S.D. Ohio Aug. 19, 2011).  "Without a specified product, the Court cannot evaluate, and [Johnson & Johnson] cannot respond, to [Plaintiffs'] claim.  Put simply, without a specified product, it is impossible to identify a specific defect." *Tuosto v. Philip Morris USA Inc.*, 672 F. Supp. 2d 350, 366 (S.D.N.Y. 2009).

Johnson & Johnson also argues that Plaintiffs fail to allege any facts that would support a claim for which relief could be granted, and notes that "it is unclear what specific causes of action Plaintiffs intend to assert against Johnson & Johnson, as the Amended Petition does not contain

any delineated causes of action *at all*."  (ECF No. 19 at PageID #47 (emphasis in original).)  In Plaintiffs' response to the earlier motion, they claim that Johnson & Johnson is "well aware of its product failures as it is negotiating a global settlement" and "there are no questions as to what the prospective Plaintiff considers the defect is with the product."  (ECF No. 8 at PageID #84.)  This argument is not well taken.

The fact that Johnson & Johnson is party to an MDL regarding its products does not mean that it is "well aware" what defects a plaintiff may be claiming.  Plaintiffs also asserted in their response to the initial motion that they are "pursuing claims that are set forth on the Short Form Complaint in MDL 2846."  (ECF No. 8 at PageID #84.)  However, Plaintiffs have failed to file the short form complaint as required, which identifies via checklist what claims a plaintiff is pursuing.  Plaintiffs cannot simply generally point to the existence of the checklist on the Short Form Complaint (which they have not filled out and filed) as sufficient allegations of their claims.

Johnson & Johnson further argues that Plaintiff Elkins's claims should be dismissed for lack of personal jurisdiction.  Because the Court is granting Johnson & Johnson's motion for a more definite statement, the Court declines to address this argument.

Johnson & Johnson's motion (ECF No. 18) is **GRANTED IN PART** and **DENIED IN PART**.  The motion to dismiss is **DENIED**.  The Court agrees that Plaintiffs' Amended Petition fails to state plausible claims for relief.  However, "because of the liberal precepts of [Rule] 15(a)(2)" of the Federal Rules of Civil Procedure, the Court is inclined to deny dismissal and grant the motion for a more definite statement. *Tuosto*, 672 F. Supp. 2d at 366.  Therefore, the motion for a more definite statement is **GRANTED**.  Johnson & Johnson asks that at a minimum, Plaintiffs "be required to identify the product that allegedly caused their injuries, explain how Johnson & Johnson is responsible for that product, and set forth the specific causes of action they are asserting

against Johnson & Johnson." Plaintiffs are required to file an amended complaint by **January 3, 2023**. Plaintiffs' counsel is also directed to review and comply with this Court's requirements regarding procedures for this MDL, including, but not limited to, the requirement to file a Short Form Complaint as detailed in Case Management Order No. 9 (Case No. 18-md-2846, ECF No. 61) and the requirement to serve Plaintiff Profile Forms as detailed in Case Management Order No. 8 (Case No. 18-md-2846, ECF No. 57). The earlier motion to dismiss (ECF No. 6) is **DENIED AS MOOT**. The case shall remain open.

  **IT IS SO ORDERED.**


**12/1/2022**        **s/Edmund A. Sargus, Jr.**
**DATE**           **EDMUND A. SARGUS, JR.**
              **UNITED STATES DISTRICT JUDGE**